UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL WILLIAMS, PPA DAVID WILLIAMS, DAVID WILLIAMS and TARA WILLIAMS,<br><br>Plaintiffs<br><br>vs.<br><br>GREATER BOSTON HOTEL EMPLOYEES, LOCAL 26 HEALTH AND WELFARE TRUST FUNDS BOARD OF TRUSTEES,<br><br>Defendants | Civil Action No.<br>04-CV-10338 WGY |

## AMENDED COMPLAINT

### INTRODUCTION
### NATURE OF THIS ACTION

1. Plaintiffs, Samuel Williams, PPA David Williams, David Williams and Tara Williams, bring this action against the Defendants, for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* (ERISA). Mr. Williams is a participant in an employee welfare benefit plan, the Preferred Provider Plan ("The Plan") through Health Care Value Management, Inc. ("HCVM"). The MED TAC Corporation ("MED TAC") is the contract administrator for the Plan. Claims for payment of benefits must be submitted to MED TAC for approval. Benefits are paid from a Trust Fund established by the joint member and Employer Board of Trustees ("Trustees") of the Greater Boston Hotel Employees/Local 26 Health and Welfare Fund. The purpose of the Fund is to provide for the payment or reimbursement of medical and/or weekly income expenses incurred by eligible members and their covered dependants The Trustees have sole responsibility and liability for payment of benefits under the Plan. The Trustees are administrators of the Plan. The Plan is governed by ERISA.

1

Samuel Williams is a beneficiary under this plan. This Complaint challenges the Defendant's unlawful practices of denying Samuel Williams medically necessary care covered by the Plan. Specifically, the Plaintiffs are filing this action to recover benefits due to Samuel Williams under the Plan, to enforce his rights under the Plan and to recover costs and attorneys fees as provided by ERISA.

## JURISDICTION

2. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). Jurisdiction is based upon the existence of questions arising there from as more fully appears below.

## PARTIES

3. The Plaintiff, Samuel Williams, PPA, David Williams is a person residing at 273 Meeting House Path in the town of Ashland and Commonwealth of Massachusetts and is a beneficiary under David Williams Plan and has standing to bring this action under 29 U.S.C. §1132(a).

4. The Plaintiff, David Williams is a person residing presently at 273 Meeting House Path, in the town of Ashland and Commonwealth of Massachusetts. Mr. Williams is a participant in the Plan, within the meaning of 29 U.S.C. § 1002.

5. The Plaintiff, Tara Williams, is a person residing at 273 Meeting House Path, in the town of Ashland and Commonwealth of Massachusetts and is a beneficiary under David Williams Plan and has standing to bring this action under 29 U.S.C. §1132(a).

6. The Defendant, The Trustees, are individuals and Administrators of The Greater Boston Hotel Employees Local 26 Health and Welfare Trust Funds.

2

## **FACTS**

7. On or about April 8, 1998, David Williams was hired by the Colonnade Hotel as a server in Brasserie Joe's Restaurant. At the time he enrolled in the Plan as a single member.

8. In December of 2001, David and Tara Williams (not yet married) discovered that they were expecting a child. At this time, David Williams only maintained health coverage for himself.

9. In February of 2002, it was discovered, via ultrasound, that David and Tara Williams' child was suffering from a potentially life threatening disease called gastroschesis. Tara Williams' pregnancy was classified as high risk and they were advised that it was likely that their child would require surgery immediately upon his birth.

10. Shortly after discovering Samuel's birth defect, David Williams contacted the Human Resources Department in an effort to find out what he needed to do to switch his health care policy from a single status to a family plan coverage. He informed human resources that he would b getting married in April and was, likewise, expecting a child and wished to put both Tara Williams and the baby on his health insurance. He also alerted them that his unborn child had a congenital birth defect that was going to require extensive medical attention and potentially surgery upon his birth. At this time, he completed the necessary paperwork and was assured by Human Resources that it was all taken care of.

11. Copies of David Williams' Earning Statements for the pay periods of March 16, 2002 through March 22, 2002 and March 23, 2002 through March 29, 2002 indicate the change in David William status from a single a single insurance policy holder to a family plan policy holder. The documents indicate that at this time, money was being taken out of David Williams' check to pay for the family plan coverage.

12. In April, shortly after David and Tara Williams were married, Mr. Williams again contacted the Human Resources Department to confirm that he had been switched to the family plan and to assure that the coverage they needed for Samuel was in place. Again Human Resources advised them that it was taken care of.

13. Though money continued to be taken out David Williams' check for the family care coverage, David Williams and Tara Williams never received any new insurance cards, information or any health care/policy handbook explaining their insurance coverage, health care benefits or what was required by them in order to comply with the Plan's policies and procedures. As such,

3

    David Williams again went to the Human Resource department to inquire as to his coverage and was again assured that his family was fully covered. Likewise, they advised David Williams and Tara Williams to use their social security numbers for purposes of insurance identifications in light of the fact that they had not received health insurance cards.

14. Shortly before Tara Williams gave birth to their son, David Williams contacted a representative from MED TAC to inquire as to the procedure that must be followed subsequent to their child's birth. He was advised that the hospital would be responsible for contacting them and advising them as to Samuel's birth.

15. On August 10, 2002, Tara Williams gave birth to Samuel Williams. Samuel required immediate emergency surgery to treat the gastroschesis. He was transferred from Brigham & Woman's Hospital to Boston Children's Hospital where he underwent the required surgery, which was successful.

16. Since the time of Samuel's birth David and Tara Williams have submitted numerous bills to the Plan to be paid but have been denied. They were advised that their claims were denied based on the fact that Tara Williams did not participate in the "Healthy Baby Program" as required for pregnant woman under the Plan and that David Williams and Tara Williams did not notify the Plan that Samuel had been born.

17. Upon receiving notification of denial of benefits under the Plan, David and Tara Williams timely filed their first appeal which was subsequently denied. On or about April 7, 2003, David and Tara Williams filed their second appeal and requested that a hearing be scheduled in compliance with the Plan's policy regarding appeals for claim denials.

18. On September 5, 2003, the Plaintiff's were advised by Fiona Ritchie, Administrator for the Greater Boston Hotel Employees/Local 26 Trust Funds, that the Plan Trustees were considering their request for a hearing. Likewise, enclosed with this correspondence was a copy of the Greater Boston Hotel Employees/Local 26 Benefits Book describing Health and Welfare benefits available to Plan participants.

19. On October 1, 2003, the Plaintiffs were advised by Fiona Ritchie, Administrator for the Greater Boston Hotel Employees/Local 26 Trust Funds, that the Plan Trustees had granted their request for a hearing relative to the denial of medical claims for Samuel Williams.

20. On October 8, 2003, the Plaintiffs appeared before the Board of Trustees for Greater Boston Hotel Employees/Local 26 Trust Funds, with Counsel, to appeal the denial of medical benefits for Samuel Williams following his birth.

21. On December 5, 2003, the Plaintiffs were advised by Fiona Ritchie, Administrator for the Greater Boston Hotel Employees/Local 26 Trust Funds, that the Plan Trustees, in accordance with Greater Boston Hotel Employee Health & Welfare Trust Fund Agreement § 4.15, had engaged an arbitrator to render a decision relative to the denial of medical benefits for Samuel Williams. The Arbitrator found, as set out in his written decision, that the Trustees should not pay the medical bills submitted to MED TAC for Samuel William's hospitalization from August 10, 2002 through September 17, 2002 due to the fact that Tara Williams did not participate in the Healthy Baby Program and that there was no prior approval for Samuel's hospital admission.

22. The Arbitrator's decision in upholding the denial of medical benefits for Samuel Williams is unreasonable in light of the facts surrounding the present case. In particular, the arbitrator's failure to give proper weight to the fact that David Williams and Tara Williams never issued any health insurance cards, information or any health care/policy handbook explaining their insurance coverage, health care benefits or what was required by them in order to comply with the Plan's policies and procedures, was unreasonable. Likewise, it was unreasonable of the Arbitrator to fail to give proper weight to the Williams' timely diligence in maintaining frequent communications with Human Resources seeking advisement as to what they were required to do to comply with the requirements of the Plan. The Arbitrator's decision notes only that the Plaintiffs failed to satisfy two mandatory requirements under Plan, even though the Plaintiffs had no knowledge and received no notice that these requirements existed. The Plaintiffs, upon switching from single plan status to family plan status, did not receive any benefits book explaining what their rights and/or obligations were under the Plan. As such, the Plaintiffs were unaware that they were required to take part in the Healthy Baby Program in order to receive any payment of benefits.

23. Due to the unlawful and arbitrary denial of benefits under ERISA, the Plaintiffs have been faced with great financial loss due to the medical bills accumulated while Samuel Williams was hospitalized after his birth.

## COUNT I-VIOLATIONS OF ERISA

24. Paragraphs One through 23 are incorporated into this Count as if more fully set forth herein.

25. Defendant's failure to provide benefits to Plaintiffs under the terms of the plan for the period beginning on August 10, 2002 and continuing through September 17, 2002 is a violation of ERISA, 29 U.S.C. §1001 *et seq.*

26. The Defendant's actions in arbitrarily denying medical benefits to Samuel Williams covered by the Plan constitute an unlawful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA.

27. As a result of the Defendant's violation, the Plaintiffs have not received the benefits which they are entitled to under the Plan, and thus, have suffered a significant loss of income.

28. As a result of the Defendant's violations, the Plaintiffs have been forced to incur attorney's fees and costs to protect their rights, all their special losses and damages.

29. Under the standards applicable to ERISA actions, recovery of reasonable attorney's and costs of the action by the Plaintiffs is asked for pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132 (g).

## COUNT II

## BREACH OF FIDUCIARY DUTY

30. Paragraphs 1 through 29 are incorporated into this Count as if more fully set forth herein

31. The Defendants Plan is an employee benefit plan as is contemplated by the Employment Retirement Income Security Act of 1974 (ERISA), to with, 29 U.S.C. Section 1132.

32. The Defendants have a fiduciary duty in administering the funds of the aforementioned plan.

33. In arbitrarily denying medical benefits to all Plaintiffs who are beneficiaries and covered by the Plan, the Defendants unlawfully misused and/or misappropriated the aforementioned funds.

34. The Plaintiff David Williams' wages, once they are withdrawn from his pay, become assets of the aforementioned plan.

35. The Defendants misuse and/or misappropriation of the funds are a breach of the fiduciary duty owed to Plan participants and beneficiaries.

36. The Defendant's misuse and/or misappropriation of funds are in violation of the Employee Retirement Income Security Act of 1974 (ERISA).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1. Declare, adjudge and decree that the Defendant Trustees are obligated to pay the Plaintiffs and/or their healthcare providers the medical benefits due to Samuel Williams under the Plan.;

2. Declare, adjudge and decree that the Defendant Trustees are obligated to award the Plaintiffs Restitution. ;

3. Award the Plaintiffs costs of this action and reasonable attorney's fees; and

4. Award such other relief as may be just, equitable and reasonable.


PLAINTIFFS,
By their Attorney,

_____
Stefani M. Field, Esq.
Gold, Albanese, Barletti & Velazquez
50 Congress Street-Suite 225
Boston, MA 02109
617-723-5118
BBO#656442

DATED: 6/15/04

## **CERTIFICATE OF SERVICE**

I, Stefani M. Field, do hereby certify that a copy of the foregoing *Plaintiff's Opposition to Motion to Dismiss filed by Defendants Greater Boston Hotel Employees, Local 26 Health and Welfare Trust Funds Board of Trustees, the Colonnade Hotel, Health Care Value Management, Inc., and Med Tac Corp., and Motion for Leave to File Amended Complaint*, was sent via hand delivery to the following counsel of record:

Robert A. Fisher, Esq.
Jeffrey H. Lerer, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210

Domenic Bozzotto, Esq.
LAW OFFICE OF DOMENIC BOZZOTTO, P.C.
55 Berkeley Street, 2nd Floor
Boston, MA 02116

Torey A. Weingard
MORRISON MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA 02210

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Stefani M. Field
　　　　　　　　　　　　　　　　　　　　　　　　Stefani M. Field

DATED: 6/15/04