UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

SAMUEL WILLIAMS, PPA DAVID
WILLIAMS, DAVID WILLIAMS and
TARA WILLIAMS,

        Plaintiffs,

v.

GREATER BOSTON HOTEL
EMPLOYEES, LOCAL 26/HEALTH AND
WELFARE TRUST FUNDS BOARD OF
TRUSTEES,

        Defendant.

CIVIL ACTION No. 04 CV 10338 WGY

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS

Defendant Greater Boston Hotel Employees, Local 26 Health and Welfare Trust Funds Board of Trustees ("Trustees") hereby submits this reply memorandum in support of its Motion to Dismiss. In doing so, the Trustees hereby move to dismiss Plaintiffs' Amended Complaint, which was submitted with their Opposition to Defendants' Motion to Dismiss. In moving to dismiss the Amended Complaint, the Trustees rely upon their original memorandum of law, as well as the arguments presented herein.

In their Amended Complaint, Plaintiffs concede that the Colonnade Hotel, Health Care Value Management, Inc. and Med Tac Corp. are not proper defendants and should be dismissed from this case. They also concede that Count III, a claim for breach of an employment duty, is not cognizable under ERISA and thus properly drop that claim from their Amended Complaint.

Plaintiffs' remaining claims -- asserted solely against the Trustees -- nonetheless should be dismissed. In their Amended Complaint, Plaintiffs now refer to the "arbitrary or capricious" standard of Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) and label the relief they

FHBoston/1071847.1

seek under their breach of fiduciary duty claim as "restitution." But Plaintiffs' mere invocation of these words does not shield these remaining claims from dismissal. As their Opposition makes clear, Plaintiffs really are asking the Court to engage in a *de novo* review of the neutral Arbitrator's decision in which he denied their claim for benefits. They admittedly are not entitled to that level of review. As to Plaintiffs' fiduciary duty claim, what they call "restitution" is really legal damages for unreimbursed medical expenses and not appropriate equitable relief, as required under Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002).

The Amended Complaint should be dismissed in its entirety.

I.   Plaintiffs Have Failed to State A Claim For Denial of Benefits Under ERISA.

In Count I of the Amended Complaint, entitled "Violations of ERISA," Plaintiffs allege that "[t]he Defendant's actions in arbitrarily denying medical benefits to Samuel Williams . . . constitute an unlawful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA." Amended Complaint, ¶ 26. In their Opposition to Defendants' Motion to Dismiss, Plaintiffs do not contest that the Plan vested the neutral Arbitrator as Claims Reviewer with the discretionary authority to interpret and apply the terms of the Plan and determine Plaintiffs' eligibility for benefits. For this reason, they concede that the Court must review the decision of the Arbitrator pursuant to the standard set forth in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), in that it must give deference to the decision of the Arbitrator unless it was "arbitrary or capricious." See Opposition, pp. 6-7.

While Plaintiffs invoke Firestone's "arbitrary or capricious" language, they are really asking the Court to substitute its judgment for that of the Arbitrator. Plaintiffs do not challenge the Arbitrator's conclusion that they failed to satisfy two mandatory requirements under the Plan as a precondition for payment of benefits: (1) prior approval by MAP for all hospital admissions

and (2) enrollment in the Healthy Baby Program as soon as the pregnancy is confirmed. Nor do they claim that they were denied an opportunity to present their case during the appeals process or that they were in any way denied a full and fair review of their claims.

Instead, Plaintiffs contest the evidentiary weight given by the Arbitrator to some facts over others. In both the Amended Complaint and in their Opposition, they allege that the Arbitrator failed to give "proper weight" to certain facts which they believe excused their failure to enroll in the Healthy Baby Program. See Amended Complaint, ¶ 22; Opposition, p. 7. They also assert that the Arbitrator's finding that David had been issued one health insurance card in the past – a card which detailed the pre-admission requirements of the Plan – is "irrelevant." See Opposition, p. 7.

However, under the "arbitrary and capricious" standard, the issue is not how the Court would weigh the evidence presented by the parties or which side the Court believes is right, but only whether the evidence reasonably supported the decision of the neutral Arbitrator. See Matias-Correa v. Pfizer, Inc., 345 F.3d 7, 12 (1st Cir. 2003); see also Brigham v. Sun Life of Canada, 317 F.3d 72, 85-86 (1st Cir. 2003) (explaining that while insurer took a minimalist view of the record and the evidentiary burden on the plaintiff was a high one, the court nonetheless held that there was nothing in the record to permit a finding that the defendant acted in an arbitrary or capricious manner). Plaintiffs do not suggest that the neutral Arbitrator's factual conclusions are unsupported by the record; they simply argue that the Arbitrator should have found differently. Rather than the "arbitrary or capricious" standard, Plaintiffs are seeking a "de novo" review of Plaintiffs' benefits claim, a level of review to which they are not entitled.

Even if the Court could review the Arbitrator's weighing of the evidence, the Amended Complaint fails to address both errors that the Arbitrator saw as fatal to Plaintiffs' claim for

benefits. Plaintiffs allege in the Amended Complaint that the neutral Arbitrator erred in refusing to excuse their failure to enroll in the Healthy Baby Program, because they claim to have been "unaware that they were required to take part in the Healthy Baby Program." Amended Complaint, ¶ 22. Even assuming that this is true, they do not and cannot allege in the Amended Complaint a similar error regarding the pre-admission requirement. See Amended Complaint, ¶ 22. As found by the Arbitrator, Plaintiff David Williams had an insurance card for the Plan. That card, on its face, stated that the participant needed to contact MAP prior to any hospital admission. Not only was David in possession of the card explaining this pre-admission requirement, David had in fact utilized the card in the past. See Exhibit B to Defendant's Motion to Dismiss, p. 6. Because this evidence made clear that David was aware of the pre-admission requirement, the Arbitrator, thus, concluded that Plaintiffs had failed to comply with the pre-admission requirement and that this failure "standing alone" made them ineligible for payment. See id.

The Arbitrator's decision in this regard is entitled to deference. Plaintiffs do not contend that it was not supported by the evidence. Indeed, Plaintiffs in their Amended Complaint and in their Opposition seem to avoid the Arbitrator's finding regarding the pre-admission requirement altogether. Their only reference to this issue is their labeling as "irrelevant" the fact that David previously had a health insurance card. But it was not irrelevant to the Arbitrator, and Plaintiffs fail to articulate any legitimate reason for challenging the Arbitrator's decision that Plaintiffs failed to satisfy the pre-admission requirement. As the Arbitrator made clear in his decision that this failure "standing alone" was an independent basis for denying Plaintiffs' claims for benefits, for this reason alone, Plaintiffs' denial of benefits claim should be dismissed, regardless of Plaintiffs' allegations regarding the Healthy Baby Program.

II.     Plaintiffs' Claim of Breach of Fiduciary Duty Is Not Cognizable.

In their Amended Complaint, Plaintiffs attempt to survive dismissal of their fiduciary duty claim simply by adding a request for "Restitution" in their Prayer for Relief. Nonetheless, the claim should still be dismissed. The essence of their claim continues to be that the Trustees denied medical benefits to Plaintiffs, despite David's payment of premiums. See Amended Complaint, ¶ 33; Opposition, p. 9. Under Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002), this is not equitable relief recoverable under ERISA's catch-all provision. Id. at 209-11.

Apparently conceding as much, Plaintiffs argue in their Opposition two alternative bases for their claim of fiduciary duty: (1) that because the Trustees denied Plaintiffs' claim for benefits, they contend that David is entitled to a return of the premiums he paid and (2) that the Trustees failed to issue the necessary health benefits handbook and insurance cards, causing Plaintiffs to "have been faced with financial ruin." Opposition, pp. 9-10. Neither theory supports a claim of breach of fiduciary duty under 29 U.S.C. § 1132 (a)(3). As to the former, this is nothing more than a backdoor attempt to create another avenue of relief for their denial of benefits claim, above and beyond what Congress has already provided under 29 U.S.C. § 1132(a)(1)(B). See Varity Corp. v. Howe, 516 U.S. 489, 506-15 (1996) (a claim under the "catchall" provision is limited to where plaintiffs have no other avenue for relief under ERISA for the alleged injury); see also Larocca v. Borden, Inc., 276 F.3d 22, 28-29 (1st Cir. 2002) (denying claim for equitable relief to prevent unjust enrichment because "federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section (a)(3)"); Wilson v. Globe Specialty Prods., Inc., 117 F.Supp.2d 92, 98 (D.Mass. 2000) (claim of

failure to pay expenses could not serve as basis of breach of fiduciary duty claim because "the remedy for a claim that a plan participant's benefits were improperly denied is specifically provided for in § 1132(a)(1)(B)").

As to their second theory, Plaintiffs allege that the claimed breach -- failure to provide benefits handbooks and insurance cards -- caused them to be "faced with financial ruin." Despite their request for "restitution" in the Prayer for Relief of the Amended Complaint, Plaintiffs' claim to be compensated for "financial ruin" is one for legal damages, not appropriate equitable relief as required. See Great-West Life, 534 U.S. at 214 (2002); see also Larocca v. Borden, Inc., 276 F.3d at 28 (1st Cir. 2002) (explaining that legal damages differ from restitution in that damages are measured in terms of plaintiff's loss). The claim should therefore be dismissed.

## CONCLUSION

For these reasons, the Trustees respectfully request that the Court dismiss the Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

GREATER BOSTON HOTEL EMPLOYEES, LOCAL 26 HEALTH AND WELFARE TRUST FUND BOARD OF TRUSTEES,

By its attorneys,

s/ Robert A. Fisher
Jeffrey H. Lerer, BBO #294500
Robert A. Fisher, BBO # 643797
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Domenic Bozzotto
Law Office of Domenic Bozzotto P.C.
58 Berkeley Street, 2nd Floor
Boston, MA 02116
(617) 423-3335

## CERTIFICATE OF SERVICE

I, Robert A. Fisher, hereby certify that on June 25, 2004 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

s/ Robert A. Fisher
