UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL WILLIAMS, PPA DAVID WILLIAMS, DAVID WILLIAMS and TARA WILLIAMS,<br><br>          Plaintiffs,<br><br>    v.<br><br>GREATER BOSTON HOTEL EMPLOYEES, LOCAL 26/HEALTH AND WELFARE TRUST FUNDS BOARD OF TRUSTEES,<br><br>          Defendant. | CIVIL ACTION No. 04 CV 10338 WGY |

## DEFENDANT'S ANSWER

Defendant Greater Boston Hotel Employees, Local 26 Health and Welfare Trust Funds Board of Trustees ("Trustees") hereby answers the Amended Complaint of Plaintiffs Samuel Williams ("Samuel"), David Williams ("David") and Tara Williams ("Tara") (collectively "Plaintiffs").

As to each of the numbered paragraphs of the Amended Complaint, the Trustees respond as follows:

1.    The first paragraph of the Amended Complaint is introductory in nature, to which no responsive pleading is required.

2.    Paragraph 2 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

3.    The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Samuel's residence and otherwise state that

FHBoston/1082585.1

paragraph 3 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

4. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to David's residence and otherwise state that paragraph 4 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

5. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Tara's residence and otherwise state that paragraph 5 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

6. The Trustees admit the allegations of paragraph 6 of the Amended Complaint.

7. The Trustees admit the allegations of paragraph 7 of the Amended Complaint.

8. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of the Amended Complaint and admit the remaining allegations.

9. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Amended Complaint.

10. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation of "[s]hortly after discovering Samuel's birth defect," admit that David contacted the Human Resources department of the Colonnade Hotel and that David completed paperwork to add only Tara as a dependent under the Plan and otherwise deny the allegations.

11. The Trustees state that David's Earning Statements for the pay periods specified speak for themselves and otherwise deny the allegations of paragraph 11 of the Amended Complaint.

12. The Trustees admit that David and Tara were married and that David contacted the Human Resources department of the Colonnade Hotel, lack knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiffs mean by the term "shortly," and otherwise deny the allegations of paragraph 12 of the Amended Complaint.

13. The Trustees admit that David contacted the Human Resources Department of the Colonnade Hotel and otherwise deny the allegations of paragraph 13 of the Amended Complaint.

14. The Trustees deny the allegations of paragraph 14 of the Amended Complaint.

15. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Amended Complaint.

16. The Trustees lack knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiffs mean by "[s]ince the time of Samuel's birth" and "numerous" bills, state that Med Tac's written denial of their claim for benefits speaks for itself and otherwise admit the allegations of paragraph 16 of the Amended Complaint.

17. The Trustees deny that Plaintiffs filed their second appeal on April 7, 2003 and otherwise admit the allegations of paragraph 17 of the Amended Complaint.

18. The Trustees state that the September 5, 2003 letter from Fiona Ritchie speaks for itself.

19. The Trustees state that the October 1, 2003 letter from Fiona Ritchie speaks for itself.

20. The Trustees admit the allegations of paragraph 20 of the Amended Complaint.

21. The Trustees state that the Arbitrator's decision speaks for itself and otherwise admit the allegations of paragraph 21 of the Amended Complaint.

22. The Trustees deny the allegations of paragraph 22 of the Amended Complaint.

23. The Trustees lack knowledge or information sufficient to form a belief as to Plaintiffs' allegation that they "have been faced with great financial loss" and otherwise deny the allegations of paragraph 24 of the Amended Complaint.

24. The Trustees repeat and reallege their responses to paragraphs 1 through 23 as if fully set forth herein.

25. The Trustees deny the allegations of paragraph 25 of the Amended Complaint.

26. The Trustees deny the allegations of paragraph 26 of the Amended Complaint.

27. The Trustees deny the allegations of paragraph 27 of the Amended Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as the truth or falsity of Plaintiffs' allegations that they "have been forced to incur attorney's fees and costs" and otherwise deny the allegations.

29. Defendants deny the allegations of paragraph 29 of the Amended Complaint.

30. The Trustees repeat and reallege their responses to paragraphs 1 through 29 as if fully set forth herein.

31. Paragraph 31 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

32. Paragraph 32 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required.

33. The Trustees deny the allegations of paragraph 33 of the Amended Complaint.

34. The Trustees deny the allegations of paragraph 34 of the Amended Complaint.

35. The Trustees deny the allegations of paragraph 35 of the Amended Complaint.

36. The Trustees deny the allegations of paragraph 36 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiffs' claims fail because the decision of the neutral Arbitrator is entitled to deference, as it is not "arbitrary or capricious."

### THIRD DEFENSE

Some or all of Plaintiffs' claims fail, because the decision of the neutral Arbitrator was reasonable in light of the evidence before him.

### FOURTH DEFENSE

Plaintiffs are not entitled to benefits under the Plan, because they failed to comply with express conditions precedent in the Plan.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims fail because they seek to rely upon factual allegations which were not presented during the claims review process under the Plan.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH DEFENSE

Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) fails because they do not seek traditional equitable relief.

### EIGHTH DEFENSE

Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) fails because they have other avenues of relief under the Employee Retirement Income Security Act.

### NINTH DEFENSE

Some or all of Plaintiffs' claims fail, as the Trustees acted in accordance with the terms of the Plan.

### TENTH DEFENSE

Plaintiffs' injuries, if any, were caused by the actions or omissions of those for whom the Trustees are not legally responsible.

### ELEVENTH DEFENSE

Any recovery herein is limited to the terms, conditions, limitations, exclusions and other provisions of the Plans and/or ERISA.

### TWEFTH DEFENSE

Plaintiffs' damages, if any, are speculative and, therefore, not recoverable.

### THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### FOURTEENTH DEFENSE

The demand for attorneys' fees should not be granted as the Trustees acted in accordance with the terms of the Plan and in good faith.

WHEREFORE, the Trustees respectfully request that the Court:

1. Dismiss the Amended Complaint;

2. Enter judgment in their favor on all counts of the Amended Complaint;

3. Award them their attorneys' fees and costs incurred in defending this action; and

4. Grant such other and further relief as the Court deems just and proper.

GREATER BOSTON HOTEL EMPLOYEES,
LOCAL 26 HEALTH AND WELFARE TRUST
FUND BOARD OF TRUSTEES,

By its attorneys,


s/ Robert A. Fisher
Jeffrey H. Lerer, BBO #294500
Robert A. Fisher, BBO # 643797
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Domenic Bozzotto
Law Office of Domenic Bozzotto P.C.
58 Berkeley Street, 2nd Floor
Boston, MA  02116
(617) 423-3335


CERTIFICATE OF SERVICE

I, Robert A. Fisher, hereby certify that on July 26, 2004 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

s/ Robert A. Fisher