**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SAMUEL WILLIAMS, PPA DAVID WILLIAMS, DAVID WILLIAMS and TARA WILLIAMS,<br><br>        **Plaintiffs**<br><br>vs.<br><br>**GREATER BOSTON HOTEL EMPLOYEES, LOCAL 26 HEALTH AND WELFARE TRUST FUNDS BOARD OF TRUSTEES**<br><br>        **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.**<br>**04-CV-10338 WGY** |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, the parties in the above-captioned matter submit the following Joint Statement.

### BRIEF DESCRIPTION OF THE CASE

A.    Plaintiffs' Position.

The Plaintiffs have brought suit against the Defendant in this action for violations of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 (ERISA).

Plaintiff, David Williams, is a participant in an employee welfare benefit plan, the Preferred Provider Plan through Health Care Value Management, Inc. The MED TAC Corporation is the contract administrator for the Plan. Claims for payment of benefits must be submitted to MED TAC for approval. Benefits are paid from a Trust Fund established by the

1

joint member and Employer Board of Trustees ("Trustees") of the Greater Boston Hotel Employees/Local 26 Health and Welfare Fund. The purpose of the Fund is to provide for the payment or reimbursement of medical and/or weekly income expenses incurred by eligible members and their covered dependants The Trustees have sole responsibility and liability for payment of benefits under the Plan. The Trustees are administrators of the Plan.  The Plan is governed by ERISA. Samuel Williams is a beneficiary under this plan.

The Plaintiff's Amended Complaint challenges the Defendant's denial of medical benefits to Samuel Williams. Specifically, the Plaintiffs have filed this action to recover benefits they are alleging are due to Samuel Williams under the Plan, to enforce his rights under the Plan and to recover costs and attorneys fees as provided by ERISA. Additionally, the Plaintiffs are alleging that the arbitrator's decision in upholding the denial of medical benefits for Samuel Williams is arbitrary and capricious.

The Defendant engaged an arbitrator in accordance with their Trust Agreement who upheld the denial of medical benefits to Samuel Williams for the period of his hospitalization from August 10, 2002 through September 17, 2002 arguing that the Plaintiff, Tara Williams,  did not participate in the Healthy Baby Program and that there was no prior approval for Samuel's hospital admission.

B.    Defendant's Position.

Plaintiffs sought benefits under the plan related to the birth and subsequent emergency surgery arising out of the birth of Samuel.  The plan administrator denied those claims for benefits and that denial was affirmed by a neutral Arbitrator.  The Defendant submits that the Arbitrator's decision that Plaintiffs were not entitled to benefits was not arbitrary or capricious and is entitled to deference by the Court.  That decision was premised on Plaintiffs' failure to

2

comply with two prerequisites to the payment of benefits: (1) prior approval by Modern

Assistance Programs ("MAP") for any hospital admission and (2) enrollment in the Healthy

Baby Program as soon as the pregnancy is confirmed by a physician. The Arbitrator's

conclusions in this regard were supported by the record before him, and, indeed, Plaintiffs do not

challenge their failure to comply with these requirements. Plaintiffs' further claim that the

Defendant breached its fiduciary duties is without merit, because the Trustees followed the terms

of the plan in denying the claim for benefits and referring the dispute to a neutral arbitrator. The

Arbitrator had authority to interpret the terms of the plan and Plaintiffs' eligibility for benefits.

Finally, the Defendant submits that Plaintiffs are not entitled to an award of attorneys'

fees, costs and interest.

### AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

Pursuant to Local Rule 16.1(B), the parties propose the following agenda for discussion

at the scheduling conference, currently scheduled for January 3, 2004:

1.      Schedule for dispositive motions, pursuant to Rule 56

### JOINT DISCOVERY PLAN AND MOTION SCHEDULE

The parties propose the following:

1.      Discovery.

The parties agree that this case more in the nature of an appeal of the decision of the

arbitrator. The parties have stipulated to the contents of the record before the arbitrator (a copy

of the Stipulation is attached hereto). The parties agree that no further discovery is needed.

2.      Rule 56 Motions.

The parties propose to brief the matter on cross-motions for Summary Judgment and

agree to treat those motions as a case stated. The parties have agreed to the following briefing

3

schedule:

    (a)    The Plaintiff's motion for summary judgment to be filed on Friday, February 4, 2005;

    (b)    The Defendant's opposition and cross-motion for summary judgment to be filed thereafter in accordance with Local Rule 7.1 and Local Rule 56.1;

    (c)    The Plaintiff's opposition to the Defendant's cross-motion for summary judgment to be filed thereafter in accordance with Local Rule 7.1 and Local Rule 56.1.

### OTHER MATTERS

    (a)    A written settlement proposal will be presented by the Plaintiff to the Defendant prior to the scheduling conference;

    (b)    Certifications regarding each parties' consultation with counsel regarding budgets and alternative dispute resolution, in accordance with Local Rule16.1(D)(3), will be filed separately.

Respectfully submitted,
PLAINTIFFS,
By their attorneys,

s/ Stefani M. Field
Stefani M. Field, BBO#656442
Gold, Albanese, Barletti & Velazquez
50 Congress Street-Suite 225
Boston, MA 02109
(617)723-5118

DEFENDANT,
By its attorneys,

s/ Robert A. Fisher
Jeffrey H. Lerer, BBO # 294500
Robert A. Fisher, BBO#643797
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210
(617)832-1000

Domenic Bozzotto
Law Office of Domenic Bozzotto P.C.
58 Berkeley Street, 2nd Floor
Boston, MA 02116
(617) 423-3335

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS</td></tr>
</table>

| | |
|---|---|
| **SAMUEL WILLIAMS, PPA DAVID WILLIAMS, DAVID WILLIAMS and TARA WILLIAMS,**<br><br>       **Plaintiffs**<br><br>**vs.**<br><br>**GREATER BOSTON HOTEL EMPLOYEES, LOCAL 26 HEALTH AND WELFARE TRUST FUNDS BOARD OF TRUSTEES**<br><br>       **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        **Civil Action No.<br>04-CV-10338 WGY** |

## STIPULATION OF THE PARTIES

The parties hereby stipulate that the documents listed in the letter dated September 21, 2004 from counsel to the Defendant to counsel for Plaintiffs represents the contents of the record before Arbitrator O'Brien in this matter and further stipulate that cross-motions for summary judgment may be treated by the Court as a "case stated."

PLAINTIFFS,
By their attorneys,

Stefani M. Field, BBO#656442
Gold, Albanese, Barletti & Velazquez
50 Congress Street-Suite 225
Boston, MA 02109
(617)723-5118

DEFENDANT,
By their attorneys,

Robert A. Fisher, BBO#643797
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02116
(617)832-1000